```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | Case No. 3:11-CR-21(RNC) |
| | : | |
| EPHRAIM GOITOM | : | |

<u>RULING AND ORDER</u>

This case is before the Court on the defendant's motion to dismiss.  The issue is whether, under Second Circuit precedent, the facts alleged by the government in this case support two counts of use of a firearm in connection with a drug-trafficking offense in violation of 18 U.S.C. § 924(c) or only one.  I conclude that the defendant's two alleged uses of a firearm - consisting of firing a gun on two separate occasions, terrorizing one victim and grievously wounding the other - may be charged in two separate counts.  Accordingly, the motion to dismiss is denied.

The superceding indictment charges defendant Ephraim Goitom with six offenses: maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1)(count one); possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1)(count three); two counts of use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("the § 924(c) charges")(counts two and four); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2)(count five); and possession of a

firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2)(count six). Defendant moves to dismiss one of the § 924(c) charges as a violation of his rights under the Double Jeopardy Clause of the Fifth Amendment. He argues that under Second Circuit precedent, the underlying drug trafficking offense is essentially the same for both counts, and therefore the charges are multiplicitous. The government responds that each § 924(c) charge is predicated on a separate and distinct drug trafficking offense, and moreover, the appropriate unit of prosecution under 18 U.S.C. § 924(c) is the choice to use a firearm, not the underlying offense. I agree with the defendant that under existing Second Circuit precedent, the unit of prosecution is the underlying predicate offense. I also recognize that the predicate offenses in this case overlap. As I read the Court of Appeals' decisions, however, when a defendant fires a weapon on two separate occasions, as alleged in the superceding indictment here, and the government charges two distinct predicate offenses, charging two separate § 924(c) counts is authorized by the statute and does not violate the Double Jeopardy Clause.

I.  <u>Facts Alleged</u>

The government alleges the following facts:

David Paul purchased phencyclidine ("PCP") from the defendant on several occasions over the six months leading up to

2

December 9, 2010.  On the morning of December 9, Paul went to the defendant's Stamford residence to buy PCP.  When Paul arrived, the defendant accused him of robbing the defendant.  Paul denied the accusation and began to walk away; as he did, the defendant punched him in the head.  Paul punched the defendant, knocking him down, then fled.  As Paul was fleeing, the defendant fired a gun.  Paul was not hit, but he fell to the ground, unsure if he had been shot.  He got into his car and began to drive.  Paul was stopped by the police and transported to the hospital.[1]

After interviewing Paul, Stamford police officers obtained a search warrant for the defendant's residence.  They planned to enter through a stairway at the rear of the house that leads to the third floor of the building.  At approximately 5:22 p.m., nine officers went to the rear of the house while another six covered the front.  One officer climbed the rear staircase leading to the third floor.  On reaching the top of the stairs, he announced to the other officers that the door opened outward, making it difficult to force entry into the house.  The officer banged on the door with his fist and tried the doorknob, which was locked.  Officer Richard Gasparino carried a battering ram up

---

[1] According to the government, the defendant made a statement to the police that "a kid named David" (presumably David Paul) had invaded his home and attacked his sister that morning.  The defendant pushed the intruder outside and shut the door; he then grabbed his gun and fired a shot in the air to scare the intruder.

3

the stairs, and a second officer carried a Halligan bar.  A sergeant yelled several times that they were "police with a search warrant."  Gasparino used the battering ram to tap the Halligan bar into place.  When the door would not open, Gasparino hit the Halligan bar two more times.  As the officers tried again to force the door open, the defendant fired a gun from inside the residence.  The bullet went through the door and struck Gasparino in the face.

Minutes later, the defendant walked out the front door of the house, where he was arrested.  In response to a question about the gun, the defendant responded, "I don't shoot cops.  You don't know what happened here this morning.  There was a home invasion."[2]  The officers proceeded to search the house.  They found a Sturm Ruger .357 Magnum revolver in the second floor bathroom and zip lock bags containing PCP in the kitchen freezer.  In a third floor bedroom, they found items including three glass jars containing PCP, mint flakes (which may be used to smoke PCP), a digital scale (which may be used to weigh narcotics), and an open lock box containing .357 Magnum ammunition, with several rounds missing.  They found additional PCP in a flowerpot outside the residence.

II.  Procedural History

---

[2] In a letter to his girlfriend from jail, defendant again suggested that he fired the gun because he thought Paul had returned.

On February 1, 2011, a grand jury returned a five count indictment (doc. 1), charging the defendant with the violations listed above, less the charge of possession of a stolen firearm. Each of the two § 924(c) charges, for use of a firearm during and in relation to a drug trafficking offense, was predicated on both drug trafficking offenses: possession with intent to distribute narcotics and maintaining a drug-involved premises. One § 924(c) charge, count three, listed David Paul as the victim; the other, count four, listed Officer Gasparino as the victim.

On October 28, the defendant filed his motion to dismiss (doc. 22), arguing that because the § 924(c) charges were predicated on essentially the same or inseparable drug trafficking offenses, they were multiplicitous and thus violated his rights under the Double Jeopardy Clause. The defendant relied on Second Circuit cases holding that under § 924(c), the unit of prosecution is the underlying predicate offense. Under these cases, each § 924(c) count must be linked to a separate predicate. A majority of Circuits agree that the unit of prosecution for a § 924(c) offense is the underlying predicate. See United States v. Anderson, 59 F.3d 1323, 1328 (D.C. Cir. 1995) (collecting cases).

On November 28, the government responded to the defendant's motion (doc. 26). In its response, the government stated that it intended to seek a superceding indictment. The new indictment

5

would predicate each § 924(c) count on a separate drug trafficking charge: the count listing David Paul as the victim would be predicated on the charge of maintaining a drug-involved premises; the count listing Officer Gasparino as the victim would be predicated on the charge of possession with intent to distribute PCP. Further, the new indictment would charge that the defendant maintained a drug-involved premises for approximately six months – from June 2010 through December 9, 2010 – while the temporal scope of the possession count would be limited to December 9, 2010. The government argued that pleading the offenses in this manner would avoid any potential double jeopardy problem. In the alternative, the government argued that it was proper to charge the defendant twice under § 924(c) because he actively employed the firearm on two separate occasions.

On December 12, 2011, a grand jury returned a superseding indictment (doc. 29). As expected, the superseding indictment links each § 924(c) count to a separate drug trafficking charge.

III. Discussion

Section 924(c)(1) of Title 18 of the United States Code says, in pertinent part:

> (A) . . . [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . (iii) if the firearm is discharged, be sentenced to a term of

6

>   imprisonment of not less than 10 years.
>   . . .
>   (C) In the case of a second or subsequent conviction under this subsection, the person shall (i) be sentenced to a term of imprisonment of not less than 25 years . . . .

18 U.S.C. § 924(c)(1).  If the defendant is convicted of one § 924(c) violation, then, he faces a minimum of 10 years incarceration under this subsection.  If he is convicted of two § 924(c) violations, however, he faces a total mandatory term of incarceration of 35 years.

"[R]easoned application of § 924(c)(1) can be extremely difficult," United States v. Finley, 245 F.3d 199, 206 (2d Cir. 2001), as "[t]here is a widely-shared view that the statute's text is ambiguous," id. at 207.  Lenity should guide a court's interpretation of the statute.  Id. (citing United States v. Lindsay, 985 F.2d 666, 672-73 (2nd Cir. 1993)).  However, for the reasons that follow, I conclude that the defendant is properly charged with two violations of the statute.

If the two § 924(c) counts are based on a single "unit of prosecution," then they are multiplicitous and improper.  United States v. Wallace, 447 F.3d 184, 187-88 (2d Cir. 2006).  In United States v. Lindsay, 985 F.2d 666 (2d Cir. 1993), the Second Circuit held that the unit of prosecution under § 924(c)(1) is the predicate offense, not the number of firearms used.  In the present case, the government names two predicate offenses: maintaining a drug-involved premises, and possession with intent

7

to distribute. The parties agree that these predicate crimes are properly charged as separate offenses under Blockburger v. United States, 284 U.S. 299 (1932). However, the defendant argues that under United States v. Finley, 245 F.3d 199 (2d Cir. 2001), these two offenses cannot support more than one § 924(c) charge. I disagree that Finley demands this result – instead, Finley indicates that the government may bring both charges.

The defendant in Finley was suspected of selling cocaine and a search warrant was obtained for his residence. An undercover agent approached the defendant's premises to make a "confirmatory buy" of narcotics before searching the residence pursuant to the warrant. The agent knocked on the kitchen window of the residence, asked the defendant for "two bags," and handed the defendant two $10 bills. Standing inside the house, the defendant handed the agent two small bags through the kitchen window. Within a few minutes, other officers entered the house. In the kitchen, they found an unloaded sawed-off shotgun under a pile of clothes. In the bedroom, they found 3.5 grams of cocaine packaged in small bags. The defendant was charged with one count of distribution of cocaine, and one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In addition, he was charged with two counts of possession of a firearm during and in relation to a drug trafficking in violation of § 924(c) – one predicated on the

distribution charge, the other on the possession charge. The Second Circuit held that § 924(c) "does not clearly manifest an intention to punish a defendant twice for continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct." 245 F.3d at 207. Thus, Finley rejected the rule, embraced by other Circuits,[3] "that multiple § 924(c) convictions are permissible whenever the underlying crimes pass the Blockburger test." United States v. Salameh, 261 F.3d 271, 278 (2d Cir. 2008).

I agree with the defendant that if he had simply possessed a firearm during the two offenses charged in this case, Finley would permit only one § 924(c) count. It is true the superceding indictment charges two predicate offenses: maintaining a drug-involved premises and possession with intent to distribute. And the former offense encompasses a period of six months while the latter involves only the last day of this six month period. It

---

[3] See, e.g., United States v. Beltran-Moreno, 556 F.3d 913, 916 (9th Cir. 2009) ("Whether or not one predicate offense is independent from another depends on whether the two offenses would be independent for double jeopardy purposes under the Blockburger test."); United States v. Malone, 222 F.3d 1286, 1293 (10th Cir. 2000) ("In order to determine in the present case whether the predicate offenses of robbery and carjacking are one crime of violence or two under section 924(c) we look to the test developed in Blockburger, even though the offenses occurred during a continuous course of conduct."); United States v. Cappas, 29 F.3d 1187, 1190 (7th Cir. 1994) ("separate convictions are permissible so long as the court's instructions require the jury to connect each gun use to a separate predicate offense. . . . And by 'separate offense,' we mean no more than that the two cannot be the same offense for double jeopardy purposes.)

9

is also apparent, however, that the defendant maintained his drug-involved premises by keeping narcotics there.[4] Thus, while the offenses as charged are not coterminous, they "were simultaneous or nearly so, [and] consisted of virtually the same conduct with the same criminal motivation. . . ." Finley, 245 F.3d at 207. As such, they could not support two § 924(c) charges if, like the defendant in Finley, the defendant had simply possessed a firearm on the premises.

However, three bases for the Finley ruling strongly indicate that if a defendant fires a weapon on two separate occasions, he may be charged twice under § 924(c), even if the two predicate offenses are closely linked in time and conduct. First, the majority noted that Finley made only one choice to possess a gun. 245 F.3d at 207. This factor was significant in light of the legislative history of § 924(c), which shows that the enhanced punishment for a second violation was intended to provide "[an] additional penalty for ... choosing to use or carry a gun ... If that choice is made more than once, the offender can in no way avoid a prison sentence." 115 Cong. Rec. at 34,838 (Nov. 19, 1969)(remarks of the amendment's sponsor, Senator Mansfield). Thus, a defendant who makes the choice once should be punished

---

[4] The government has stated that it intends to prove that Paul bought PCP from the defendant at the defendant's residence in Stamford. The record also indicates that Paul will say defendant kept the drugs in his refrigerator or freezer.

10

once, but a defendant who makes the choice twice may be charged with a second violation.  In the present case, the government alleges that the defendant fired his gun twice: once in the morning and once in the late afternoon.  Therefore, the concern in Finley that a defendant could be subject to two charges under § 924(c) even though he only chose to use a gun once does not apply.

Second, the majority noted that a 35-year mandatory sentence for Finley's crimes would be "draconian," id. at 208, making it unlikely Congress intended such a severe punishment.  Here, the alleged criminal conduct is far more serious.  A defendant who chooses to fire a weapon twice as alleged in this case is significantly more culpable than a defendant like Finley who passively possesses an unloaded gun.  While 35 years' imprisonment is a harsh penalty for the conduct alleged, it is not so harsh that it casts doubt on Congress's intent.

Finally, the Finley majority said the dissent's concern that the holding would preclude multiple § 924(c) charges when a defendant committed several murders in rapid succession was misplaced.  It reasoned, in part, "[t]hese multiple 'uses' of a firearm would ostensibly not be charged under the possession language of § 924(c)(1) and, in any event, have little in common with the continuous and passive possession in this case."  Id. at 208 n.7.  It appears, then, that the Finley majority did not

11

intend the ruling to protect a defendant who fires a weapon on two separate occasions in aid of drug trafficking as alleged here.

Other courts have found that while the government must charge multiple predicate offenses to support multiple § 924(c)(1) convictions, when a defendant actively employs a firearm more than once, the predicate offenses need not differ significantly in time or conduct. See, e.g., United States v. Anderson, 59 F.3d 1323, 1334-35 (D.C. Cir. 1995) (en banc) ("[T]he practical significance of [holding the unit of prosecution to be the predicate offense] may not be great. . . . In circumstances in which a defendant displays or fires a gun on separate and distinct occasions, the government will often be able to charge those acts as separate § 924(c)(1) violations linked to separate predicate offenses.").

Accordingly, as I read the opinion in Finley, when a defendant is charged under the possession clause of § 924(c), multiple counts cannot be sustained unless the predicate offenses differ significantly; however, if the defendant is charged with firing a firearm more than once, in circumstances warranting significant punishment as prescribed by Congress in § 924(c), proximate predicates may support multiple counts as long as the predicates are separate offenses under Blockburger.

This reading is supported by two more recent Second Circuit

cases: United States v. Mejia, 545 F.3d 179 (2d Cir. 2008), and United States v. Wallace, 447 F.3d 184 (2d Cir. 2006).  In Wallace, the defendant fired several shots into an adjacent car, fatally striking one of the passengers who had just robbed the defendant of cocaine.  Even though the defendant was charged with two predicate offenses – conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(iii) and drive-by shooting under 18 U.S.C. § 36(b)(2)(A) – the Court held that because he committed the offenses with a "single use of a firearm," 447 F.3d at 188, he could be convicted of only one § 924(c)(1) offense.  The government would need to prove the same conduct for both offenses: in furtherance of a drug trafficking offense, the defendant fired his gun into a group of people, causing the death of the victim.  Id. at 189.  Because the scope of the defendant's conduct supporting both § 924(c) convictions was identical, only one count could be sustained, even though the predicates themselves differed.

In Mejia, on the other hand, the Court found that defendants who fired into a crowd and injured two people could be convicted of two § 924(c) counts.[5]  The predicate offenses – two assaults with a dangerous weapon in furtherance of racketeering activity under 18 U.S.C. § 1959(a)(3) – occurred in rapid succession and

---

[5] The defendants in Mejia also were charged with a third § 924(c) count for another shooting minutes later.

13

consisted of virtually the same conduct, repeated shots into a crowd. Even so, the Court stated that the Mejia case "raise[d] none of the concerns present in Finley and Wallace," 545 F.3d at 205, as it neither involved continuous possession of a firearm nor a single use of a firearm connected with the murder of a single victim. Each predicate offense, then, supported its own § 924(c)(1) charge.[6] In the present case, the defendant allegedly used the gun twice, terrifying one victim and seriously wounding another. The government has charged two different predicate offenses and linked each use of the firearm to each respective predicate. See United States v. Henry, 878 F.2d 937, 943 (6th Cir. 1989) (one § 924(c)(1) conviction reversed when both counts were predicated on both drug trafficking offenses). Therefore, it may charge the defendant with two § 924(c)(1) violations.

I do not hold that every defendant who uses a firearm more than once may be convicted of two § 924(c) violations, as long as the government has charged two predicates that differ under Blockburger. Were a defendant to brandish a gun twice, actively

---

[6] The Mejia court noted that Finley responded "to the unique manner in which a single course of conduct involving controlled substances, such as continuing possession of a large quantity of contraband, gives rise to multiple possible offenses, such as possession, possession with intent, and so forth," id. at 206, and that multiple assault predicates raised no similar concerns. Still, the court distinguished Mejia from Wallace, a case that did not involve inextricably tied drug trafficking predicates.

14

employing the weapon, see Bailey v. United States, 516 U.S. 137, 148 (1995), but posing little danger, he might not be subject to two § 924(c)(1) convictions. In that situation, the Finley majority's concern about draconian punishment would apply, as a defendant who chooses to brandish a weapon is significantly less culpable and dangerous than a defendant who chooses to fire his gun as the defendant allegedly did here. The court in a brandishing case would need to decide whether Congress clearly intended that the defendant be charged with more than one offense under § 924(c).

Defendant urges me to apply the rule of lenity. In Bell v. United States, 349 U.S. 81 (1955), the Supreme Court stated that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses[.]" Id. at 84. Here, the scope of the defendant's conduct is not limited to one transaction. Instead, the case involves two different incidents separated by approximately nine hours: the indictment alleges that the defendant fired his gun as Paul left his house in the morning and fired his gun at the police in the afternoon. It is undisputed that the two predicate offenses are distinct under Blockburger. Because I find that 18 U.S.C. § 924(c) clearly provides for two charges when a person has twice chosen to use a gun in furtherance of a drug trafficking crime, each use

of the gun furthered a predicate offense, and the uses are of such a nature as to justify enhanced punishment under § 924(c), the rule of lenity does not apply.  See Chapman v. United States, 500 U.S. 453, 463 (1991).

IV. Conclusion

Accordingly, the motion to dismiss (doc. 22) is hereby denied.

So ordered this 5th day of April 2012.

                              /s/ RNC
                        Robert N. Chatigny
                    United States District Judge